## Hennessey v. Finberg.

*Automobiles—Collision—Driver, agent of owner.*

In an action to recover for injuries sustained by plaintiff in a collision between the car in which she was riding and a car owned by the defendant, a verdict for plaintiff will be sustained where, in an action by defendant against the owner of the car in which plaintiff was riding, plaintiff in that action, defendant in this, had averred in the statement of claim that he, "through his servant, agent and employee, was lawfully driving his said car," notwithstanding there is other evidence in the case indicating that at the time of the accident the driver of defendant's car was not engaged in the defendant's business.

Motion for judgment *non obstante veredicto.* C. P. No. 5, Phila. Co., June T., 1922, No. 8382.

*Frank H. Coane* and *W. O. Armstrong*, for plaintiff.

*Furth, Singer & Bortin* and *B. J. O'Connell*, for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, Dec. 21, 1923.—This was an action of trespass for alleged negligence. The jury returned a verdict in favor of the plaintiff for $500. The defendant has taken a rule for judgment *non obstante veredicto* upon the whole record.

The plaintiff was injured while riding in an automobile at or near the intersection of Girard Avenue with Lansdowne Drive, by a collision with an automobile owned by the defendant and driven by a man named Fox, the brother-in-law of the defendant. The evidence indicated reckless driving upon the part of Fox. The contention of the defendant was that, while the automobile driven by Fox was owned by the defendant, it was at the time being operated by Fox in his own affairs and not in the business or service of the defendant. The sole ground in support of the motion is that the court erred in permitting the jury to draw certain inferences from the testimony as tending to establish that Fox was at the time in the service of the defendant.

William F. Hennessey, the father of Catharine Hennessey, testified that the defendant was not in the car driven by Fox at the time of the accident. Another witness testified that the defendant was in the car, but, on cross-examination, said that he would not swear to it positively. There was testimony that the defendant at the time of the accident was at Atlantic City, that he was stopping at the home of his mother-in-law, the mother of Fox, and that the sisters of Fox were there at the same time, that Fox's home was with his

mother at Atlantic City, that he spent at least some of his Sundays there, that immediately after the accident he telephoned to the defendant at Atlantic City, and on the following day went there himself. The accident happened on Saturday, and at the time he was driving through Philadelphia, at least in the direction of the ferries crossing to the Jersey side, although he, Fox, stated that he was going to the Adelphia Hotel to meet an appointment. In commenting on this testimony, the court said to the jury that the plaintiffs asked them to draw the inference that Fox was taking the car to Atlantic City where Finberg was staying, and suggested that: "There possibly will be very little to warrant the inference, except the manner of testifying of Fox, and what he says here on the stand, the relation of the parties and what he had been doing." It was in evidence that the defendant had brought suit in Court of Common Pleas No. 3, as of September Term, 1920, No. 6572, against William F. Hennessey for damages claimed to have been suffered by reason of the same accident, and in his statement of claim filed in that case, he set forth that he, Finberg, "through his servant, agent and employee, was lawfully driving his said car" at the time of the accident. Here was a clear statement sworn to by him that the car at the time of the accident was being operated by him through his servant Fox. Under this evidence there was ample to warrant the jury in concluding that Fox was operating the automobile in the service of the defendant at the time of the accident. The damages are not excessive, and we see no reason why the verdict should be disturbed.

And now, to wit, Dec. 21, 1923, the motion for judgment *non obstante veredicto* upon the whole record is overruled and judgment is hereby directed to be entered upon the verdict in favor of the plaintiff and against the defendant upon payment of the jury fee. An exception to this action of the court is hereby entered for the defendant.